IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMBO PROPERTIES, LLC, | § | NO. 1:25-CV-687-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| UNIVERSITY HILL OWNER, LLC, | § | |
| SHADOW CREEK OWNER, LLC, and | § | |
| RIVERSIDE RANCH OWNER, LLC, | § | |
| | § | |
| Defendants. | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION, AND GRANTING
IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT

Before the Court is a Report and Recommendation filed by U.S. Magistrate Judge Dustin Howell. (Dkt. # 15.) On July 21, 2025, the Court referred Plaintiff Ambo Properties, LLC's ("Plaintiff" or "Ambo") Motion for Default Judgment (Dkt. # 9) to Magistrate Judge Howell. Magistrate Judge Howell filed his Report and Recommendation (the "Report") on November 17, 2025. Objections to the Report were due within 14 days after being served with a copy. Neither party filed any objections to the Report.

BACKGROUND

The Court will recite the facts as stated by the Magistrate Judge. Ambo brought this lawsuit against Defendants University Hill Owner, LLC,

Shadow Creek Owner, LLC, and Riverside Ranch Owner, LLC ("Defendants") based on their breach of an agreement to sell Ambo three properties, each of which contains an apartment complex. (Dkt. 1 at 4.) As part of the agreement, Ambo made an earnest-money deposit of one-million dollars to a title company that remains in possession of the deposit. (Id. at 4.) Ambo also began making improvements to the properties to bring them "into satisfactory and rent-ready condition," as allowed under the agreement. (Id. at 5.) Before the closing date, however, Ambo discovered that Defendants had breached the agreement by misrepresenting their ownership of one of the properties such that "they did not have the right to contract to sell the entire" property and by "knowingly" allowing the properties to "deteriorate rapidly and materially." (Id. at 6.) Defendants did not close the sale and have refused Ambo's demands to return the earnest money and reimburse Ambo for the improvements it made to the properties. (Id. at 7.)

Ambo brought state-law claims against Defendants for breach of contract and fraud under Texas Business & Commerce Code § 27.01 and sought a declaration that Defendants materially breached the agreement such that Ambo is entitled to return of the deposit. (Id. at 7–9.) Defendants did not appear or otherwise respond to Ambo's complaint, and the Clerk of Court entered default against them. (Dkts. ## 7, 8.) Ambo then moved for default judgment on its claims for breach of contract and fraud. (Dkt. 9 at 1.) In its motion for default

judgment, Ambo asks the Court for declaratory relief, monetary damages in the amount Ambo spent rehabilitating the properties during the pendency of the sale, reasonable attorneys' fees for litigating this case, as well as contingent appellate fees. (Id. at 11.)

On November 17, 2025, Magistrate Judge Howell entered his Report on the motion for default judgment, recommending that the Court grant in part and deny in part Plaintiff's motion. (Dkt. # 15.) No objections were filed.

ANALYSIS

Where, as here, neither party objects to the Magistrate Judge's findings, the Court reviews the Report and Recommendation for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

After careful consideration, the Court adopts the Magistrate Judge's Report and Recommendation. The Court finds that the Magistrate Judge's conclusion is correct that Defendants have not entered an appearance in this case or otherwise responded, and that after considering the relevant factors, "default judgment is procedurally warranted." (Dkt. # 15 at 4.) Additionally, the Magistrate Judge's conclusion that Plaintiffs have demonstrated the elements of its breach of contract claims but not its fraud claims is correct. (Id. at 4–8.) And the Court finds the Magistrate Judge's calculations of damages, costs, and fees are neither clearly erroneous nor contrary to law. (Id. at 8–15.)

CONCLUSION

Accordingly, for the reasons given, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 15) as the opinion of the Court, and **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Default Judgment. (Dkt. # 9). The motion is **GRANTED** as to Plaintiff's claims for breach of contract; the motion is **DENIED** as to Plaintiff's claims for fraud. The Court thus **ENTERS DEFAULT JUDGMENT** against Defendants under Rule 55(b), and awards Plaintiff its requested monetary damages of $205,682.77, as well as prejudgment and post-judgment interest.

The Court further **DECLARES** that: (1) Defendants committed one or more seller defaults under the sales agreement; (2) under the agreement, Ambo had the right to terminate the agreement and to obtain a return of the deposit; and (3) the deposit currently held by Madison Title should be returned immediately to Ambo. It is **FURTHER ORDERED** that Ambo is awarded attorneys' fees in the amount of $12,485.00, as well as contingent appellate fees. The Clerk's Office is **INSTRUCTED** to **ENTER JUDGMENT** and **CLOSE THE CASE**.

**IT IS SO ORDERED**.

DATED: Austin, Texas, December 17, 2025.

_____
David Alan Ezra
Senior United States District Judge